**PETER A. OUDA, LLC**
Attorney at Law
19 North Bridge Street
Somerville, New Jersey 08876
Tel. (908) 927-9909
Attorney for JONATHAN EHRLICH
011861990

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____   Civil Action

JONATHAN EHRLICH

Plaintiff,

Vs.

DENNIS P. MCINERNEY, ESQ.,

RE/MAX WORLD CLASS REALTY

THOMAS W. SASAKI, O'HARA APPRAISALS

MARTIN T. O'HARA.

John Does 1-10

Defendants
_____

Plaintiff, by way complaint, states the following:

**JURISDICTION AND VENUE**

1. The court has jurisdiction over the subject matter of this action pursuant to 28 USC Section 1332(d)(2) and(6) insofar as the matter involves a dispute between citizens of different states and the amount in controversy exceeds $75,000.00.

1

2. Venue is appropriate because the actions and occurrence from which the matter arose took place within this vicinage.

## PARTIES

1. The Plaintiff Jonathan Ehrlich is a resident of Pennsylvania.

2. Dennis P. McInerney, Esq. is presently and was at all times an attorney at law of the State of New Jersey.

3. Defendant Re/Max World Class Realty (Re/Max) is located at 230 High St. Burlington, New Jersey.

4. Defendant Thomas W. Sasaki at all times was a sales associate with Re/Max.

5. Defendant O'Hara Appraisals is located at 3 Thackery Rd. Hainsport, New Jersey.

6. Defendant Martin T. O'Hara was at all times, the owner and operator of O'Hara Appraisals.

## FACTUAL BACKGROUND

1. Plaintiff Jon Ehrlich is the nephew of the Richard D. Ehrlich, Esq. who was an attorney in the State of New Jersey.

2. Richard D. Ehrlich had a nephew and niece, Todd Ehrlich and Pamela Venuto, who are the siblings of Jon Ehrlich. Richard had no children of his own.

3. Richard was a trust and estates lawyer who practiced in Burlington County for over 50 years. He died on September 21, 2009.

4. Richard had no relationship with Todd and Pamela but had a close relationship with Jon.

5. As late as 2008, Richard had told his closest friends that he had left his estate to Jon and that if he was sick or died, that Jon should be contacted.

6. After being unsuccessful in making contact with his uncle over an unusually long period, Jon did finally learn of his uncle's death almost two months after the fact. Jon located an unsigned Will in his uncle's home, which he sought to admit into probate. His siblings objected and the court appointed Dennis McInerney, Esq as temporary administrator. Mr. McInerney reported his searches failed to uncover any other Will.

7. The unsigned Will stated : Original sent to H.W. Van Sciver, 5/20/2000, and this was stipulated to be done in the handwriting of Richard. Van Sciver was named executor and Jon as contingent executor and co-trustees. The document was prepared by decedent right before life- threatening surgery. That same day he also executed a Power of Attorney and Living Will. Jon was named alternative agent to make health care decisions in the event his uncle became incapacitated.

8. Jon Ehrlich retained the Begelman Orlow firm represent him in the dispute with his siblings, who quite naturally argued that the unsigned Will was inadmissible and should not be probated. Jon steadfastly believed that Paul Melletz should have advanced the argument that the Will referenced above was a copy of the original that had been executed and that it had been lost or stolen.

9. The trial court granted summary judgment to Jonathan; and after a motion for reconsideration was denied, an appeal was taken.

10. The appellate division affirmed in the reported decision cited above. Judge Skillman dissented, holding that the case should have presented as a common law Lost Will case and that Jon could only prevail if he established that the unexecuted Will in the decedent's home was a copy of the original sent to Van Sciver which was lost and not revoked by decedent.

11. The dissent, according to the rules of court, permitted the siblings to file a direct appeal by right to the Supreme Court, which they did file. Because of the financial strain imposed upon him by the litigation, the delay, and the prospect of losing the appeal; Jon was forced to retain another attorney to procure a settlement with his siblings.

### FIRST COUNT ( AS TO DENNIS P. McINERNEY ( Breach of Fiduciary Duty)

1. Plaintiff repeats the allegations above as if set forth at length herein.

2. Dennis P. McInerney, Esq. as a court appointed fiduciary, owed a common law and statutory duty of care to the beneficiaries and to the estate.

3. These duties included marshalling of assets and preserving the assets of the estate and pursuing and defending claims asserted by and against the estate.

4. Moreover, as an attorney at law of the state of New Jersey, he owed a duty to comply with the Rules of Professional Conduct. As an attorney he had the duty of candor towards the court RPC 3.3, and had duty of truthfulness to third persons. RPC 4.1

5. Mr. McInerney repeatedly breached these obligations to those whom he owed a fiduciary duty, including Jonathan Ehrlich. His duty also included the duty of loyalty to his client and third persons who were relying on him, and the duty of candor and transparency.

6. He had the obligation to perform a thorough search of the decedent's home and law office to locate the Will and /or evidence of such and he failed to do so.

7. He had the obligation to maintain and preserve all of the papers and property of the decedent but instead he unilaterally and without court authorization discarded papers and property which Jonathan directed that he not discard and or destroy. He had the duty to properly account for and evaluate all assets and obtain fair market value of assets disposed of. He failed to do so

8. He withheld documents, suppressed, destroyed and or spoliated evidence needed by Jonathan to review the accountings he submitted in a proper manner.

9. Years later, in or about March of 2015, Mr. McInerney destroyed all of the documents that were in the decedent's law office, which documents he had been ordered and or requested to maintain. This was done despite the fact that he knew that there were ongoing concerns voiced by Mr. Ehrlich about missing documents. This destruction of documents was also done in the face of repeated directives by Mr. McInerney that no items could be removed from the office.

10. This destruction of documents was contrary to his fiduciary obligation to the estate and to its residuary beneficiary Jonathan Ehrlich. It was also contrary to his duty as set forth in RPC. 1.16(d) and RPC 1.15 and N.J.S.A. 4:87-5.

11. Mr. Mc Inerney knew that Jonathan was intending to perform his own investigation when he was appointed executor (which occurred in 2015) so he was especially aware of his duty to preserve documents.

12. Thus, by the time he was discharged in July of 2015 Mr. McInerney had discarded all documents repeatedly requested by Mr. Ehrlich which thwarted the investigation that Mr. Ehrlich intended to undertake.

13. Mr. McInerney in contravention of his fiduciary role also severely undersold estate assets such as the decedent's home in Delanco, New Jersey. The home was appraised at $350,000.00 but it was undersold by over $100,000.00.

14. Likewise, he had listed for sale the decedent's law office for $300,000 but as of 2014 he suggested in open court before Judge Jacobson that the property should be donated because it had little value.

15. Jonathan through his own efforts sold the office in November 2015 for $64,000.00.

16. Through his carelessness, recklessness and or imprudence, Mr. McInerney relied on a single appraisal which clearly was inaccurate given the fact that there were no offers submitted on the law offices for a 3 ½ year period. The asset may have depreciated and deteriorated because of the negligence over the course of the years left vacant.

17. He also was placed on notice of an asset of the estate, namely a condo in the Bahamas but he failed to undertake any investigation whatsoever to locate it and have it timely administered.

18. Mr. McInerney, in his role as a fiduciary, settled a lawsuit that was filed against the decedent's estate without fully investigating the merits of the action and without defending the case in a manner that was consistent with his obligations to preserve the assets of the estate.

19. Most if not all of the order procured by Mr. McInerney were procured through fraud deception and or misrepresentation, including the two accounting orders, the orders for the sale of the house contents, the orders relative to the sale of the decedent's personal and real property and the settlement of the Farias litigation.

19. The actions referenced above, and or inactions of the defendant Dennis P. McInerney constitute a breach of his fiduciary obligation to the estate and to Mr. Ehrlich in particular.

20. These various breaches caused damages in the form of needless attorneys fees, protracted litigation, and financial damages to the estate.

WHEREFORE the plaintiff demands a judgement for compensatory damages, attorneys fees, the return of legal fees, costs of suit and all other relief that the court deems just and proper.

## COUNT II  (Sasaki and Re/Max)

1. The allegations of the paragraph 1-20 are inclusive and are incorporated by reference

2. The defendants Sasaki and Re/Max was retained by the administrator of the estate of Richard Ehrlich to market and sell the properties owned by Richard Ehrlich. Those properties were his home in Delanco, New Jersey and his law office in Burlington, New Jersey.

3. These defendants did not take proper steps to market the properties.

4. Jonathan, as an interested party asked for documentation relative to the marketing of the property but Sasaki refused to provide same.

5. The Delanco property was appraised for $350,000 as of Date of death and then was appraised again for $340,000 for tax purposes. Later that same home was reduced to and appraised value of $225,000.00.

6. The home in Delanco sold for $212,000 over Jonathan's objection. Sasaki never provided adequate information or explanation as to why the home was sold for less than two thirds of the appraised value.

7. In the same manner, the law office was appraised for $300,000.00. This was the listing price as per the decision of Sasaki. There were never any offers on the property. In 2015, Sasaki admitted and acknowledged that the office would probably sell for $50,000.00 to $75,000.00. After Jonathan became executor he sold the property himself for $64,000.00

8. Sasaki, as a professional who is licensed to sell real property in New Jersey either completely and utterly miscalculated the value of the aforementioned properties and/or

failed to properly market the properties in a manner than would produce the highest and best price. The estate suffered financially for the acts of negligence. Re/Max is liable for this negligence of Sasaki under principles of respondeat superior.

9. As a proximate cause thereof the Plaintiff suffered damages.

WHEREFORE, the plaintiff demands judgment for compensatory damages, costs of suit, attorneys fees and all other relief that the court deems just and proper.

### COUNT III (Martin T. O'Hara and O'Hara Appraisals)

1. The allegations of the aforementioned paragraphs are inclusive and incorporated by reference herein.

2. The defendant Sasaki employed appraisers to appraise the subject properties. Those appraisers were Martin T. O'Hara the owner /operator of O'Hara Appraisals. Three appraisals were done on the Delanco property. A date of death value of $350,000, 00 and a tax appraisal of $340,000.00 and a third appraisal of $225,000.00, which listed work that needed to be done on the home. If such work needed to be done on the home, that existed when the first two appraisals were completed.

3. The appraisal of the Delanco property was done negligently, unprofessionally and carelessly so that the estate incurred needless carrying charges and fees.

4. Likewise the appraisal of the law office of the decedent in the amount of $300,000.00 was so high that it clearly discouraged any real offers on the property and the estate incurred carrying charges needlessly. The office was sold by Jonathan Ehrlich for a small fraction of what it was appraised for.

5. As proximate cause of the negligence of Martin O'Hara and O'Hara Appraisals, Plaintiff suffered damages.

WHEREFORE, the Plaintiff demands judgement for compensatory damages, attorneys fees and all other relief that the court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

Dated: 2/9/2017

### Certification Pursuant to Local Rule. 11.2

Pursuant to Local Rule 11.2 I certify that the action relates to an estate matter that was pending in New Jersey under docket 14-01137 and which is presently on appeal before the New Jersey appellate division.

Dated: 2/9/2017

PETER A. OUDA
Attorney for Jonathan Ehrlich
19 North Bridge St.
Somerville, NJ 08876
908-927-9909
908 927-9907 fax
peteroudalaw@aol.com

9

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jonathan Ehrlich

## DEFENDANTS
Dennis McInerney, Thomas Sasaki, Re Max  Martin O'Hara O'Hara Appraisals

**(b)** County of Residence of First Listed Plaintiff: Montgomery, County PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Burlington
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Peter A. Ouda, LLC 19 North Bridge ST. Somerville NJ 08876
908 927 9909

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights / ☐ 830 Patent / ☐ 840 Trademark | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☒ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332 (d)(2)

Brief description of cause:
Negligence and breach of fiduciary duty of estate adm.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 1,000,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Jugde Jacobson
DOCKET NUMBER: 14-01137

DATE: 02/10/2017
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____