PETER A. OUDA, LLC
Attorney at Law
19 North Bridge Street
Somerville, New Jersey 08876
Tel. (908) 927-9909
Attorney for JON EHRLICH
011861990

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Civil Action 17-cv-879

JONATHAN EHRLICH

Plaintiff,

Vs.

DENNIS P. MCINERNEY, ESQ.,

RE/MAX WORLD CLASS REALTY      **THIRD AMENDED COMPLAINT**

THOMAS W. SASAKI,

ERIC SASAKI, O'HARA APPRAISALS

MARTIN T. O'HARA.

John Does 1-10

Defendants

---

Plaintiff, by way complaint, states the following:

### JURISDICTION AND VENUE

1. The court has jurisdiction over the subject matter of this action pursuant to 28 USC Section 1332(d)(2) and(6) insofar as the matter involves a dispute between citizens of different states and the amount in controversy exceeds $75,000.00.

2. Venue is appropriate because the actions and occurrence from which the matter arose took place within this vicinage.

## PARTIES

1. The Plaintiff Jonathan Ehrlich is a citizen of the Commonwealth of Pennsylvania..

2. Dennis P. McInerney, Esq. is presently and was at all times an attorney at law of the State of New Jersey.

3. Dennis P. McInerney is a citizen of the state of New Jersey.

4. Defendant Re/Max World Class Realty (ReMax) has as its principal place of business 230 High St., Burlington New Jersey. Upon information and belief, ReMax is successor in interest to Haines & Haines.

5. Defendant Thomas W. Sasaki at all times was a sales associate with Re/Max.

6. According to a search of New Jersey business records, Re/Max World Class Realty is not a corporation. It is the Alternate Name of Sasaki Seiler Investment Group, LLC according to the State of New Jersey, Division of Revenue, Registration of Alternate Name.

7. Sasaki Seiler Investment Group, LLC, is a New Jersey Limited Liability Company, and its principal place of business is 230 High St. Burlington, New Jersey.

8. Plaintiff is diverse from all of the members of Sasaki Seiler Investment Group, LLC .According to the certificate of formation dated July 8, 2015, all the members are citizens are New Jersey.

9. Sasaki Seiler Investment Group has its members Thomas Sasaki, Christina Seiler, Eric Sasaki and Brad Sasaki. Each member of Sasaki Seiler Investment Group is a citizen of New Jersey.

10. Defendant O'Hara Appraisals is located at 3 Thackery Rd. Hainsport, New Jersey.

11. Defendant Martin T. O'Hara was at all times, the owner and operator of O'Hara Appraisals.

12. Defendant O'Hara Appraisals is not a corporate/business entity based on a search of New Jersey Business records.

13. Martin T. O'Hara is a citizen of the state of New Jersey.

14. Eric Sasaki was at all times a sales associate and/or co-owner of Re Max World Class Realty.

## FACTUAL BACKGROUND

1. Plaintiff Jon Ehrlich is the nephew of the Richard D. Ehrlich, Esq. who was an attorney in the State of New Jersey.

2. Richard D. Ehrlich had a nephew and niece, Todd Ehrlich and Pamela Venuto, who are the siblings of Jon Ehrlich. Richard had no children of his own.

3. Richard was a trust and estates lawyer who practiced in Burlington County for over 50 years. He died on September 21, 2009.

4. Richard had no relationship with Todd and Pamela but had a close relationship with Jon.

5. As late as 2008, Richard had told his closest friends that he had left his estate to Jon and that if he was sick or died, that Jon should be contacted.

6. After being unsuccessful in making contact with his uncle over an unusually long period, Jon did finally learn of his uncle's death almost two months after the fact. Jon located an unsigned Will in his uncle's home, which he sought to admit into probate. His siblings

3

objected and the court appointed Dennis McInerney, Esq as temporary administrator. Mr. McInerney reported his searches failed to uncover any other Will.

7. The unsigned Will stated : "Original sent to H.W. Van Sciver, 5/20/2000", and this was stipulated to be done in the handwriting of Richard. Van Sciver was named executor and Jon as contingent executor and co-trustees. The document was prepared by decedent right before life- threatening surgery. That same day he also executed a Power of Attorney and Living Will. Jon was named alternative agent to make health care decisions in the event his uncle became incapacitated.

8. Jon Ehrlich retained the Begelman Orlow firm to represent him in the dispute with his siblings, who quite naturally argued that the unsigned Will was inadmissible and should not be probated. Jon steadfastly believed that Paul Melletz should have advanced the argument that the Will referenced above was a copy of the original that had been executed and that it had been lost or stolen.

9. The trial court granted summary judgment to Jonathan; and after a motion for reconsideration was denied, an appeal was taken.

10. The appellate division affirmed in the reported decision cited above. Judge Skillman dissented, holding that the case should have presented as a common law Lost Will case and that Jon could only prevail if he established that the unexecuted Will in the decedent's home was a copy of the original sent to Van Sciver which was lost and not revoked by decedent.

11. The dissent, according to the rules of court, permitted the siblings to file a direct appeal by right to the Supreme Court, which they did file. Because of the financial strain

imposed upon him by the litigation, the delay, and the prospect of losing the appeal; Jon was forced to retain another attorney to procure a settlement with his siblings.

## FIRST COUNT ( AS TO DENNIS P. McINERNEY ( Breach of Fiduciary Duty)

1. Plaintiff repeats the allegations above as if set forth at length herein.

2. Dennis P. McInerney, Esq. as a court appointed fiduciary, owed a common law and statutory duty of care to the beneficiaries and to the estate.

3. These duties included marshalling of assets and preserving the assets of the estate and pursuing and defending claims asserted by and against the estate.

4. Moreover, as an attorney at law of the state of New Jersey, he owed a duty to comply with the Rules of Professional Conduct. As an attorney he had the duty of candor towards the court RPC 3.3, and had duty of truthfulness to third persons. RPC 4.1

5. Mr. McInerney repeatedly breached these obligations to those whom he owed a fiduciaryduty, including Jonathan Ehrlich. His duty also included the duty of loyalty to his client and third persons who were relying on him, and the duty of candor and transparency.

6. He had the obligation to perform a thorough search of the decedent's home and law office to locate the Will and /or evidence of such and he failed to do so.

7. He had the obligation to maintain and preserve all of the papers and property of the decedent but instead he unilaterally and without court authorization discarded papers and property which Jonathan directed that he not discard and or destroy. He had the duty to properly account for and evaluate all assets and obtain fair market value of assets disposed of. He failed to do so

8. He withheld documents, suppressed, destroyed and or spoliated evidence needed by Jonathan to review the accountings he submitted in a proper manner.

9. Years later, in or about March of 2015, Mr. McInerney destroyed all of the documents that were in the decedent's law office, which documents he had been ordered and or requested to maintain. This was done despite the fact that he knew that there were ongoing concerns voiced by Mr. Ehrlich about missing documents. This destruction of documents was also done in the face of repeated directives by Mr. McInerney that no items could be removed from the office.

10. This destruction of documents was contrary to his fiduciary obligation to the estate and to its residuary beneficiary Jonathan Ehrlich. It was also contrary to his duty as set forth in RPC. 1.16(d) and RPC 1.15 and N.J.S.A. 4:87-5.

11. Mr. McInerney knew that Jonathan was intending to perform his own investigation when he was appointed executor (which occurred in 2015) so he was especially aware of his duty to preserve documents.

12. Thus, by the time he was discharged in July of 2015 Mr. McInerney had discarded all documents repeatedly requested by Mr. Ehrlich which thwarted the investigation that Mr. Ehrlich intended to undertake.

13. Mr. McInerney in contravention of his fiduciary role also severely undersold estate assets such as the decedent's home in Delanco, New Jersey. The home was appraised at $350,000.00 but it was undersold by over $100,000.00.

14. Likewise, he had listed for sale the decedent's law office for $300,000 but as of 2014 he suggested in open court before Judge Jacobson that the property should be donated because it had little value.

15. Jonathan through his own efforts sold the office in November 2015 for $64,000.00.

16. Through his carelessness, recklessness and or imprudence, Mr. McInerney relied on a single appraisal which clearly was inaccurate given the fact that there were no offers submitted on the law offices for a 3 ½ year period. The asset may have depreciated and deteriorated because of the negligence over the course of the years left vacant.

17. He also was placed on notice of an asset of the estate, namely a condo in the Bahamas but he failed to undertake any investigation whatsoever to locate it and have it timely administered.

18. Mr. McInerney, in his role as a fiduciary, settled a lawsuit that was filed against the decedent's estate without fully investigating the merits of the action and without defending the case in a manner that was consistent with his obligations to preserve the assets of the estate.

19. Most if not all of the order procured by Mr. McInerney were procured through fraud deception and or misrepresentation, including the two accounting orders, the orders for the sale of the house contents, the orders relative to the sale of the decedent's personal and real property and the settlement of the Farias litigation.

19. The actions referenced above, and or inactions of the defendant Dennis P. McInerney constitute a breach of his fiduciary obligation to the estate and to Mr. Ehrlich in particular.

20. These various breaches caused damages in the form of needless attorneys fees, protracted litigation, and financial damages to the estate.

## COUNT II (Thomas Sasaki, Eric Sasaki and Re/Max)

1. The allegations of the paragraph 1-20 are inclusive and are incorporated by reference

2. The defendants Thomas Sasaki, Eric Sasaki and Re/Max were retained by the administrator of the estate of Richard Ehrlich to market and sell the properties owned by Richard Ehrlich. Those properties were his home in Delanco, New Jersey and his law office in Burlington, New Jersey.

3. These defendants did not take proper steps to market the properties.

4. Jonathan, as an interested party, asked for documentation relative to the marketing of the property but Sasaki refused to provide same.

5. The Delanco property was appraised for $350,000 as of date of death and then was appraised again for $340,000 for tax purposes. Several months later that same home was appraised for a value of $225,000.00.

6. Over Jonathan's objections, the home in Delanco sold for $212,000. Neither Thomas Sasaki, nor Eric Sasaki ever provided adequate information or explanation as to why the home was sold for less than two thirds of the appraised value.

7. In the same manner, the law office was appraised for $300,000.00. This was the listing price as per the decision of Thomas and Eric Sasaki. There were never any offers on the property. In 2015, Thomas Sasaki admitted and acknowledged that the office would probably sell for $50,000.00 to $75,000.00. In keeping with Thomas Sasaki's recognition of the actual value, Eric Sasaki produced an offer of $40,000.00 several months later. After Jonathan became executor, he sold the property himself for $64,000.00.

8. Thomas and Eric Sasaki, as professionals licensed to sell real property in New Jersey, completely and utterly miscalculated the value of the aforementioned properties and/or

failed to properly market the properties in a manner than would produce the highest and best price.

9. These defendants neglected to ensure that these properties were maintained while under their care.

10. The estate suffered financially for these acts of negligence.

11. Re/Max is liable for this negligence of Thomas and Eric Sasaki under principles of respondeat superior and agency.

10. As a proximate cause thereof the Plaintiff suffered damages.

WHEREFORE, the Plaintiff demands judgment against the defendants Thomas Sasaki, Eric Sasaki and Re Max World Class Realty for compensatory damages, attorneys fees and all other relief that the court deems just and proper

### COUNT III (Martin T. O'Hara and O'Hara Appraisals)

1. The allegations of the aforementioned paragraphs are inclusive and incorporated by reference herein.

2. The defendant Sasaki employed appraisers to appraise the subject properties. Those appraisers were Martin T. O'Hara the owner /operator of O'Hara Appraisals. Three appraisals were done on the Delanco property. A date of death value of $350,000, 00 and a tax appraisal of $340,000.00 and a third appraisal of $225,000.00, which listed work that needed to be done on the home. If such work needed to be done on the home, that existed when the first two appraisals were completed.

3. The appraisal of the Delanco property was done negligently, unprofessionally and carelessly so that the estate incurred needless carrying charges and fees.

4. Likewise the appraisal of the law office of the decedent in the amount of $300,000.00 was so high that it clearly discouraged any real offers on the property and the estate incurred carrying charges needlessly. The office was sold by Jonathan Ehrlich for a small fraction of what it was appraised for.

5. As proximate cause of the negligence of Martin O'Hara and O'Hara Appraisals, Plaintiff suffered damages.

WHEREFORE, the Plaintiff demands judgment against the defendants for Martin T. O'Hara and O'Hara Appraisals for compensatory damages, attorneys fees and all other relief that the court deems and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

Dated: May 23, 2018

PETER A. OUDA
Attorney for Jonathan Ehrlich
19 North Bridge St.
Somerville, NJ 08876
908-927-9909
908 927-9907 fax
peteroudalaw@aol.com